IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE BERMUDEZ,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>JAMES CONWAY, Superintendent, Attica Correctional Facility,<br><br>　　　　　　Respondent. | No. 9:09-cv-00091-JKS<br><br>ORDER DISMISSING PETITION |

　　　　Petitioner Jose Bermudez, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Under 28 U.S.C. § 2254.  Bermudez is currently in the custody of the New York Department of Correctional Services, incarcerated at the Attica Correctional Facility. Respondent has answered, and Bermudez has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　Bermudez's claims arise out of two judgments of conviction entered July 31, 2003, in the Albany County Court.  In the first conviction, a jury found Bermudez guilty of five counts of Burglary in the Second Degree (N.Y. Penal Law, § 140.25(2)).  In the second conviction, Bermudez pled guilty to one count of Burglary in the Second Degree (N.Y. Penal Law, § 140.25(2)).  On the first conviction, the Albany County Court sentenced Bermudez, as a second felony offender, on each count to consecutive determinate prison terms of 15 years, to be followed by five years' post-release supervision.  On the second conviction, the Albany County Court imposed a consecutive prison term of five years, to be followed by three years' post-release supervision.

Bermudez timely appealed both convictions and sentences to the Appellate Division, Third Department. The Appellate Division affirmed both convictions in separately reported, reasoned decisions. The New York Court of Appeals, consolidated the petitions for leave to appeal and denied leave to appeal on April 9, 2007, and denied reconsideration on June 27, 2007.[1] On July 17, 2008, Bermudez, appearing *pro se*, filed a motion in the Albany County Court to vacate his second conviction under N.Y. Criminal Procedure Law, § 440.10. The Albany County Court denied the motion in an unreported, reasoned decision, and the Appellate Division, Third Department, denied leave to appeal on October 21, 2008. Bermudez filed his Petition for relief in this Court on January 12, 2009.

## II.  GROUNDS RAISED/DEFENSES

In his Petition Bermudez raises five grounds: (1) his statements to police were coerced and should have been suppressed; (2) the failure of the police officers to provide him a copy of the search warrant violated *Brady*;[2] (3) a Fifth Amendment violation (self-incrimination);[3] (4) failure to suppress the evidence obtained as a result of the illegal search violated his Fourth Amendment rights;[4] and (5) ineffective assistance of his trial and appellate counsel.

---

[1] *People v. Bermudez*, 817 N.Y.S.2d 924 (N.Y.A.D. 2006), *lv. denied*, 868 N.E.2d 237 (N.Y.) (Table), *reh'g denied*, 872 N.E.2d 767 (N.Y. 2007) (Table); *People v. Bermudez*, 818 N.Y.S.2d 497 (N.Y.A.D. 2006), *lv. denied*, 868 N.E.2d 237 (N.Y.) (Table), *reh'g denied*, 872 N.E.2d 767 (N.Y. 2007) (Table).

[2] *Brady v. Maryland*, 373 U.S. 83 (1962).

[3] Although stated separately, the first and third grounds, using somewhat different arguments, are essentially a single ground: the fruits of the search should have been suppressed.

[4] The outcome on the fourth ground is predicated upon the outcome of the second. That is, Bermudez's Fifth Amendment right was not infringed unless the statements were illegally obtained, i.e., coerced.

Respondent contends that: (1) the Petition is untimely; and (2) that the ineffective assistance of appellate counsel claim is unexhausted. Respondent raises no other affirmative defense.[5]

### III. DISCUSSION

Respondent has raised untimeliness as an affirmative defense. If Respondent prevails on this defense, this Court must dismiss the Petition. Consequently, the timeliness of the petition must be addressed first.

A petition for federal habeas relief must be filed within one year of the later of the date: (1) the state court conviction becomes final; (2) a state-created impediment to filing is removed; (3) the constitutional right was first recognized by the Supreme Court; or (4) the date upon which the factual predicate for the claim or claims could have been discovered through the exercise of due diligence.[6] Under the facts of this case, only the date the state court conviction became final is applicable. The one-year limitation is, however, tolled during the period that a properly filed application for post-conviction or other collateral review is pending in the state courts.[7]

The New York Court of Appeals denied Bermudez's petition for reconsideration on June 27, 2007.[8] Bermudez's conviction became final 90 days later, when his time to petition for *certiorari* in the Supreme Court expired,[9] September 25, 2007. At that point, absent tolling,

---

[5] *See* Rules—Section 2254 Cases, Rule 5(b).

[6] 28 U.S.C. § 2244(d)(1).

[7] 28 U.S.C. § 2244(d)(2).

[8] In his answer, Respondent incorrectly cites July 27, 2007, as the date the New York Court of Appeals denied reconsideration.

[9] Supreme Court Rule 13; *Fernandez v. Aruz*, 402 F.3d 111, 112 (2d Cir. 2005).

Bermudez had until September 25, 2008, to file his petition for federal habeas relief. Bermudez filed his Petition for federal habeas relief in this Court on January 12, 2009, 108 days late.[10]

Although it is not entirely clear, it does not appear that Bermudez sought post-conviction relief in the state courts challenging his first conviction.[11] Thus, with respect to his first conviction, Bermudez's Petition, unless equitably tolled, is 108 days late. However, even if Bermudez did seek post-conviction relief from his first conviction, as discussed further below, his petition is nonetheless untimely.

Bermudez filed his post-conviction § 440.10 motion for relief from his second conviction on July 17, 2008. At that point, 305 days of his one year had elapsed, leaving Bermudez 60 days within which to file his petition for federal habeas relief. Bermudez's § 440.10 motion remained pending until October 21, 2008. At that point, absent additional tolling, Bermudez had 60 days, until Monday, December 22, 2008, within which to file his petition for federal habeas relief. Bermudez filed his petition in this Court on January 12, 2009. Thus, unless the time is equitably tolled, his petition is 21 days late.[12]

In his Traverse, Bermudez asserts three factors warrant equitable tolling: (1) he was limited to two hours per week at the institution's law library to prepare his petition; (2) his

---

[10] Because he used an incorrect date for the date that Bermudez's conviction became final, Respondent determined that, at that point, Bermudez's Petition was 79 days late.

[11] Respondent contends that the § 440.10 motion was directed solely at the second conviction. A fair reading of the Albany County Court's decision reflects that it too was of the opinion that the motion was so directed. In any event, Bermudez does not dispute the Respondent's position.

[12] Respondent's calculation that the Petition was filed 11 days late contained two errors: in addition to using an incorrect date that Bermudez's conviction became final, Respondent erroneously calculated the time that the § 440.10 motion was pending as 68 days, instead of the 96 days that elapsed between July 17 and October 21.

difficulty in obtaining information from state agencies; and (3) a July 25, 2008, request to the Clerk of this Court that his time to submit his habeas petition in this Court be held in abeyance until his § 440.10 motion was heard by the state courts, to which he received the reply that the Clerk's Office does not provide legal advice.[13]

AEDPA's statutory limitations period may be tolled for equitable reasons.[14] To warrant equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[15] While a petitioner is required to pursue his rights diligently to warrant equitable tolling, the appropriate standard is "due diligence," not "maximum feasible diligence."[16] Equitable tolling is applied only under rare and exceptional circumstances,[17] and the party seeking equitable tolling must have acted with reasonable diligence throughout the entire period sought to be tolled.[18] The Second Circuit has established only a limited number of circumstances that may merit equitable tolling, e.g., where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary,[19] and where prison officials intentionally obstruct a petitioner's ability to file his

---

[13] Copies of the correspondence are attached to the Traverse. Docket No. 15, pp. 17-19.

[14] *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2560 (2010).

[15] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

[16] *Holland*, 560 U.S. at ___, 130 S. Ct. at 2565.

[17] *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

[18] *Id.*

[19] *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003); *see Holland*, 560 U.S. at ___, 130 S. Ct. at 2563-64 (citing *Baldayaque* with approval).

petition by confiscating his legal papers.[20]  Equally as important is that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."[21]  If the defendant fails to exercise reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances did not prevent timely filing.[22]  The limitations period is tolled for a period, beginning on the date the extraordinary circumstance occurred, that is equal to the length of time between (i) the date on which filing ordinarily would have been required under the applicable limitations period and (ii) the earliest date after the extraordinary circumstance occurred which that petitioner, acting with reasonable diligence, should have filed his or her petition.[23]  This Court will address each of the points raised by Bermudez *in seriatim*.

    1.  *Limited Law Library Time*

As noted above, to warrant equitable tolling, Bermudez must establish that he exercised due diligence throughout the limitations period, including due diligence in seeking post-conviction collateral review in the state courts.[24]  Thus, Bermudez must demonstrate:  (1) that an extraordinary circumstance beyond his control existed; (2) the date the extraordinary

---

[20] *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

[21] *Id*. at 134.

[22] *Id.*

[23] *Id*.

[24] *Smith*, 208 F.3d at 17-18.

circumstance began and the date it ended; and (3) the causal connection between the extraordinary circumstance and the delay in filing his petition for federal habeas relief.

Even assuming that the two-hour limitation constituted an extraordinary circumstance, other than his mere conclusory statement, Bermudez does show how the limitation on time in the law library prevented him from filing his petition in this Court within the 60-day period remaining after the Appellate Division denied him leave to appeal the denial of his § 440.10 motion. His federal petition had to raise the same constitutional grounds and be based upon the same facts as he had raised in the state courts, either on appeal or in his § 440.10 motion. Any further factual investigation and legal research required to file a federal habeas petition was minimal. Bermudez also fails to show how this condition, or any other condition beyond his control, was responsible for the 305-day delay between the time his conviction became final and the date he filed his motion for post-conviction relief under § 440.10.

2. *Obtaining Information from State Agencies*

The evidence that Bermudez sought to have suppressed in the Albany County Court was seized during the search at 19 Delaware St., Apt. 2, Albany, N.Y., on May 14, 2002. The information Bermudez contends he had difficulty in obtaining was information from the New York Department of Social Services verifying his residency at that address during the period from December 2001 or January 2002 to May 2002.[25] According to his Petition, at the time of the search Bermudez was in a Detox Treatment Center in New York City. What Bermudez does

---

[25] Bermudez refers to three letters attached as exhibits to his Traverse that are dated September 26, 2008, July 13, 2009, and July 15, 2009, respectively. Docket No. 15, pp. 17-22. Apparently, the New York Department of Social Services was paying the rent on the apartment on behalf of Bermudez under a state disability program, and this information would establish the fact that he resided at that address.

not explain is how this evidence, concerning his status as the renter of the apartment, is relevant or germane to the claims raised in his Petition to this Court. Neither the Respondent nor Bermudez raise before this Court the issue of Bermudez's interest in the Albany apartment as an issue relevant to the legality of the search. Moreover, if it were an issue, Bermudez does not explain why he waited until 2008, at about the same time he was filing his § 440.10 motion raising his ineffective assistance of trial counsel claim, to request the information concerning his residency.[26] The information sought from the state agencies does not appear to have any relevance to that claim either. Thus, Bermudez has failed to show either due diligence or that the information he was seeking from the State agencies is relevant to the issues in his Petition.

    3. *Request to Clerk of this Court*

In his request to the Clerk of the Court, Bermudez merely requested that his time to file a petition for federal habeas relief be held in abeyance while he sought further relief in the state courts. How the reply, which correctly informed Bermudez that the Clerk's Office could not provide legal advice, caused a delay in his filing for federal habeas relief is unexplained. This is not a case in which the court deliberately misled or misinformed Bermudez, which could support a claim of equitable tolling.[27] Bermudez acknowledges in his correspondence to the Clerk that he was aware of the one-year-limitation period for filing a petition for federal habeas relief. The

---

[26] Bermudez acknowledges that he received a copy of the search warrant in 2006.

[27] *See, e.g., Jackson v. Astrue*, 506 F.3d 1349, 1357 (11th Cir. 2007); *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991); *but see Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 152 (2d Cir. 1999) (although recognizing that misinformation relating to truly clerical matters could suffice, held that, because they are not from a judicial officer, i.e., a judge or a member of the judge's staff empowered to speak on the judge's behalf, statements by a member of the Clerk's Office are not official assurances that would qualify as "unique circumstances" sufficient to permit the filing of a late appeal).

"relief" Bermudez sought was that the time for filing his petition for habeas relief be held in abeyance while he pursued his § 440.10 motion in the state courts. As noted above, the time that Bermudez's § 440.10 motion was pending in the state courts did, in fact, toll the one-year-limitation period. The response Bermudez received from the Clerk's Office clearly placed Bermudez on notice that the Clerk's Office could not provide him with legal advice. This should have alerted Bermudez to the fact that his "request" would not, in itself, further extend the time to file his petition in federal court, but that some other action on his part would be necessary. Bermudez took no further action. Moreover, had Bermudez researched the issue, it would have answered the inquiry he posed to the Clerk of the Court, and alerted him to the time remaining to file his petition for federal habeas relief. This research, which was clearly within his control, Bermudez did not do.

Bermudez has not established that extraordinary circumstances beyond his control prevented him from filing his petition in this Court in a timely manner, or that he used due diligence in pursuing his post-conviction remedies in the state courts. Bermudez is not entitled to equitable tolling during any period of time within the one-year-limitation period.

### IV. CONCLUSION AND ORDER

Bermudez's Petition was not timely filed.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[28] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[29]

The Clerk of the Court is to enter final judgment accordingly.

Dated: October 1, 2010.

                                                                /s/ James K. Singleton, Jr.
                                                                  JAMES K. SINGLETON, JR.
                                                                  United States District Judge

---

[28] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[29] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.